# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 30, 2006

130227

JOBA CONSTRUCTION COMPANY, INC.,
          Plaintiff-Appellee,

v

V & Y CONSTRUCTION SERVICES, INC.,

          Defendant,

and

FLORA CONSTRUCTION, INC., and
AMCO INSURANCE COMPANY,
          Defendants-Appellants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130227
COA: 263258
Wayne CC: 04-427657-CK

On order of the Court, the application for leave to appeal the November 17, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

Plaintiff contracted with defendant V & Y to provide site preparation work. After defendant V & Y failed to pay plaintiff, plaintiff filed a claim with defendant Flora, the general contractor, and defendant AMCO, the surety posting the payment bond. When they refused to pay, plaintiff instituted this action against defendants. A default judgment was entered against V & Y and the trial court granted plaintiff's motion for summary disposition against Flora and AMCO, and the Court of Appeals affirmed.

The public works bond act, MCL 129.207, provides, in pertinent part:

> A claimant not having a direct contractual relationship with the principal contractor shall not have a right of action upon the payment bond unless (a) he has within 30 days after furnishing the first of such material or

performing the first of such labor, served on the principal contractor a written notice, which shall inform the principal of the nature of the materials being furnished or to be furnished, or labor being performed or to be performed and identifying the party contracting for such labor or materials and the site for the performance of such labor or the delivery of such materials, and (b) he has given written notice to the principal contractor and the governmental unit involved within 90 days from the date on which the claimant performed the last of the labor or furnished or supplied the last of the material for which the claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.

Although the payment bond issued by AMCO included the 90-day notice of claim provision, it did not include the 30-day notice of commencement provision. Plaintiff complied with the 90-day notice of claim provision, but not the 30-day notice of commencement provision. Paragraph 13 of AMCO's payment bond provides:

When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

In my judgment, paragraph 13 of the payment bond evidences an intent to mirror the statutory requirements. One of the statutory requirements is the 30-day notice of commencement requirement. Given that the payment bond does not state that the parties intended to exclude the 30-day notice of commencement requirement, and that it does state that the parties intended the bond to be construed as a statutory bond, I believe that the statutory 30-day notice of commencement requirement may be applicable here. I would grant leave to appeal to consider this issue.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2006

Clerk

t0627